1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

8
9
10
11
12
13
14

| **LEOVARDO SALCEDA,** | Case No. 08cv1037 IEG (PCL) |
|---|---|
| Petitioner, | **ORDER GRANTING PETITIONER'S MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS** |
| **v.** | |
| **JOHN F. SALAZAR, WARDEN,** | |
| Respondent. | **(Doc. No. 17)** |

15

**I.**

16

**BACKGROUND**

17      Petitioner Leovardo Salceda ("Petitioner"), a state prisoner, filed a Petition for Writ of

18  Habeas Corpus pursuant to 28 U.S.C. § 2254,  challenging a conviction following a jury trial in

19  San Diego Superior Court on October 3, 1995.  (Doc. No. 1.)  Petitioner's original Petition set

20  forth four claims: (1) ineffective assistance of counsel at trial; (2) invalid previous convictions;

21  (3) denial of his right to a fair trial; and (4) unconstitutional sentence.  Petitioner now moves the

22  Court to amend his pleading by adding an additional two claims: (5) ineffective assistance of

23  counsel caused by prejudicial conflict of interest; and (6) ineffective assistance of appellate

24  counsel.  (Doc. No. 17.)  For the reasons set forth below, Petitioner's Motion to Amend his

25  Petition to include the exhausted Claims Five and Six is GRANTED.

26  / /

27  / /

28  / /

## II.

## DISCUSSION

A § 2254 petitioner may amend his petition as provided in the Federal Rules of Civil Procedure.  28 U.S.C. § 2242 (2008). Rule 15 of the Federal Rules allows amendment of a pleading once as a matter of right "at any time before a responsive pleading is served[.] Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Where a party unnecessarily moves for leave to amend despite being able to amend as a matter of course, the court should not deny the motion. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988); Nolen v. Fitzharris, 450 F.2d 958, 959 (9th Cir. 1971).

Moreover, Rule 15(c) allows the amended pleading to "relate back" to the date of the original pleading "when the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15 (2008).  Therefore, if applicable, under Rule 15(c) a habeas petitioner may add claims to a timely filed petition even after the expiration of the statute of limitations.  Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000).

In the instant case, Petitioner filed his original Petition on June 10, 2008.  (Doc. No. 1.) On October 22, 2008, Respondent was granted an extension of time to file an Answer to Petition for Writ of Habeas Corpus or a Motion to Dismiss Petition to December 19, 2008.  (Doc. No. 15.)  To date, Respondent has not filed a responsive pleading in the form of either an Answer or a Motion to Dismiss with this Court.  Therefore, as a matter of right, Petition is allowed to amend his Petition to include his additional claims.  See Rule 15(a).

//

//

//

//

//

//

**III.**

**CONCLUSION**

IT IS HEREBY **ORDERED** that Petitioner's Motion to Amend his Petition to include Claims Five and Six is GRANTED.

IT IS FURTHER **ORDERED** Respondent shall file either an Answer or a Motion to Dismiss on or before January 23, 2009.  Petitioner shall have until February 13, 2009 to file either a Traverse or Response to the Motion, respectively.


DATE: December 15, 2008

Peter C. Lewis
U.S. Magistrate Judge
United States District Court


cc:     The Honorable Irma E. Gonzalez
        All Parties and Counsel of Record

08 cv 1037 IEG (PCL)

3