IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOVARDO SALCEDA,<br><br>　　　　　　　　　　　Petitioner,<br><br>v.<br><br>JOHN F. SALAZAR, WARDEN,<br><br>　　　　　　　　　　　Respondent. | Case No. 08cv1037 IEG (PCL)<br><br>**ORDER DENYING PETITIONER'S AMENDED MOTION TO AMEND AND SUPPLEMENT ORIGINAL PLEADING**<br><br>**(Doc. No. 33)** |

**AMENDED MOTION TO AMEND AND SUPPLEMENT ORIGINAL PLEADING**

Petitioner Leovardo Salceda ("Petitioner"), a state prisoner, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging a conviction following a jury trial in San Diego Superior Court on October 3, 1995. (Doc. No. 1.) Petitioner now moves the Court for leave to amend his Petition a second time to add additional claims and arguments in support of his original claims. (Doc. No. 33.) For the reasons set forth below, Petitioner's Motion to Amend his Petition is DENIED.

**DISCUSSION**

Rule 15(a) (2) of the Federal Rules of Civil Procedure provides in relevant part that a party "may amend its pleading only with the opposing party's written consent or the court's leave" and that the court "should freely give leave when justice so requires." In ruling on a motion to amend under Rule 15(a), a court weighs the following factors: bad faith, undue delay, prejudice to the opposing party, whether the amendment would be futile, and whether the party has previously amended his or her pleadings. See Western Shoshone Nat'l Council v. Molini, 951 F.2d 200, 204 (9th Cir. 1991).

1 | Petitioner wishes to amend the current Petition to add facts and arguments to his current
2 | Petition for Writ of Habeas Corpus. (Doc. No. 1.) Of the six "claims" Petitioner sets forth in his
3 | Motion to Amend the Original Pleading, three claims are applicable only to his prior robbery
4 | case from 1989; two have already been raised in the current Petition; and the last one is a
5 | reiteration of the basic argument for all Petitions for Writ of Habeas Corpus: that the state court
6 | rendered its opinion in his state habeas case based on an unreasonable determination of the facts
7 | of his case. (Doc. No. 33.) The court finds no recently exhausted claims or relevant claims not
8 | included in the original Petition present in this pleading, thereby rendering amendment futile to
9 | Petitioner's claim. Moreover, although the Court finds no evidence of bad faith or undue delay
10 | on the part of petitioner, the Court notes Petitioner has already amended his Petition once to add
11 | two additional claims. (See Doc. No. 18.)

12 | Accordingly, the Court ORDERS Petitioner's Amended Motion to Amend and
13 | Supplement Original Pleading is **DENIED**.

14 | DATE: August 13, 2009

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

18 | cc: The Honorable Irma E. Gonzalez
     All Parties and Counsel of Record