IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LEOVARDO SALCEDA,**<br><br>                                          Petitioner,<br><br>   v.<br><br>**JOHN F. SALAZAR, WARDEN,**<br><br>                                          Respondent. | Case No. 08cv1037 IEG (PCL)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(Doc. No. 26)** |

**MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner requests the Court appoint counsel to assist him in this case. (Doc. No. 26.) The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. See McCleskey v. Zant, 499 U.S. 467, 495 (1991 (citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further"); Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996) (noting that there currently exists no constitutional right to appointment of counsel in habeas proceedings); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986).

However, courts may appoint counsel for financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 where "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); Chaney, 801 F.2d at 1196. Whether or not to appoint counsel is a matter left to the court's discretion, unless an evidentiary hearing is necessary. See Knaubert v. Goldsmith, 791 F.2d 722, 728-30 (9th Cir. 1986) (explaining that the interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition).  A court's discretion to appoint counsel may be exercised only under "exceptional circumstances." Terrell v. Brewer,

1  935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an
2  evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to
3  articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of
4  these issues is dispositive and both must be viewed together before reaching a decision." Id.
5  (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).
6      The Court has reviewed Petitioner's filings thus far, including his Petition for Writ of
7  Habeas Corpus (Doc. No. 1), Notice of Application for Equitable and Statutory Tolling (Doc.
8  No. 3), Opposition to Respondent's Motion to Dismiss (Doc. No. 42) and the numerous Petitions
9  Petitioner has filed in this matter. Each filing demonstrates Petitioner's ability to understand the
10 applicable law and to respond to arguments presented by Respondents. For example, in his
11 Petition, Petitioner provides a thorough recitation of his habeas claims with corresponding
12 references to state law and the record. (Doc. No. 1.) Similarly, in his Opposition to
13 Respondent's Motion to Dismiss, Petitioner cogently summarizes and reasserts his claims. (Doc.
14 No. 42.) Therefore, based on its review of Petitioner's filings, the Court finds that Petitioner not
15 only has a sufficient grasp of his individual claims for habeas relief and the legal issues involved
16 in those claims, but also is able to articulate those claims adequately without assistance. See
17 LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request
18 for appointment of counsel where pleadings demonstrated petitioner had "a good understanding
19 of the issues and the ability to present forcefully and coherently his contentions"). Moreover, for
20 the reasons set forth in the Report and Recommendation filed concurrently with this Order, there
21 is minimal likelihood of success based on the expiration of the statute of limitations period prior
22 to Petitioner's filing of the instant petition.
23 / /
24 / /
25 / /
26 / /
27 / /
28 / /

1       Accordingly, the Court finds there are no exceptional circumstances warranting the appointment of counsel and the Court declines to exercise its authority to do so. Petitioner's request for appointment of counsel is **DENIED**.

DATE: <u>August 13, 2009</u>

                                        Peter C. Lewis
                                        U.S. Magistrate Judge
                                        United States District Court

cc:     The Honorable Irma E. Gonzalez
          All Parties and Counsel of Record