IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LEOVARDO SALCEDA,**<br><br>                              Petitioner,<br><br>       v.<br><br>**JOHN F. SALAZAR, WARDEN,**<br><br>                              Respondent. | Case No. 08cv1037 IEG (PCL)<br><br>**ORDER DENYING MOTION FOR DISCOVERY**<br><br>**(Doc. No. 20)** |

### MOTION FOR LEAVE OF COURT TO CONDUCT DISCOVERY

Petitioner has filed a motion seeking leave of court to conduct discovery of court records and legal files and to propound interrogatories and requests for admission to all counsel involved in Petitioner's 1989, 1993 and 1995 convictions. (Doc. No. 20, 8-15.) Specifically, Petitioner seeks to support his claims of ineffective assistance of counsel by showing his first appointed trial counsel erroneously declared a conflict of interest during the representation of Petitioner. Petitioner also seeks to support his claim of actual innocence by showing that exculpatory statements were made to the prosecutor in Petitioner's robbery trial and that the prosecutor failed to disclose such statements to Petitioner's trial counsel.

A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. See Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rather, Rule 6(a) of the Rules Governing Habeas Corpus Cases Under Section 2254 provides: a "party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good

1  cause shown grants leave to do so, but not otherwise." Before deciding whether a petitioner is
2  entitled to discovery under Rule 6(a), the district court must first identify the essential elements
3  of the underlying claim, and must then determine whether the petitioner has shown "good cause"
4  for appropriate discovery to prove his claim. See Bracy, 520 U.S. at 904. Good cause for
5  discovery under Rule 6(a) is shown "where specific allegations before the court show reason to
6  believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is .
7  . . entitled to relief . . . ." Id. at 908-09 (quotation and citation omitted).  A request for discovery
8  in a habeas case will not be granted unless it is supported by specific factual detail.  See Rich v.
9  Calderon, 187 F.3d 1064, 1067 (9th Cir. 1999); see also Aubut v. State of Maine, 431 F.2d 688,
10 689 (1st Cir. 1970).

11      Petitioner requests written discovery be propounded to Ronald K. Vanesian, appointed
12 public defender; Daniel J. Mangarin, alternate appointed defense counsel; and Michael Groch,
13 prosecutor in this case.  Petitioner has also requested 14 items of discovery.  (Doc. No. 20, 14-
14 15.)  The Court finds, at this juncture of the proceedings, good cause does not exist to allow
15 petitioner the requested discovery. Petitioner seeks the requested discovery items to bolster his
16 claim that his court-appointed counsel for the 1995 trial mistakenly declared a conflict of interest
17 and his alternate appointed trial counsel was ineffective for failure to investigate a prior
18 conviction. (Doc. No. 20, 16.) However, Petitioner's proposed Interrogatories and Requests for
19 Admissions seek to establish information that is already present in the court records and trial
20 transcripts customarily lodged in habeas proceedings.  Petitioner must present evidence that is
21 more than speculative in order to warrant a leave of court to conduct discovery in habeas
22 proceedings. Rich v. Calderon, 187 F.3d at 1067.  Here, Petitioner claims he knows the basis
23 for counsel's declaration of a conflict of interest but counsel never communicated any reason to
24 the trial court. (Doc. No. 1 Pet. at 12.)  Counsel's perceived conflict may have been based on
25 reasons outside of Petitioner's knowledge and outside of the court records and as counsel was
26 not required to disclose a reason for withdrawl, there is no evidence that the actual reason for
27 Mr. Vanesian's conflict will surface.
28      More importantly, to the extent the Petitioner is requesting trial transcripts and court

1 | records, Petitioner has offered no argument to show that he will not have a sufficient record to
2 | consider following appropriate lodgments in this matter or that he does not already have the
3 | documents he requests within his own records.  Petitioner attests he has already acquired
4 | voluminous records in this case. (Doc. No. 20, 6; doc. No. 1, 5.)  It appears Petitioner already
5 | has most, if not all, information available to him[1] requested in this Motion.   Lastly, in the
6 | Report and Recommendation filed by this Court concurrently with this Order, the Court has
7 | recommended Petitioner's Petition for Writ of Habeas Corpus be dismissed for failure to comply
8 | with the AEDPA's statute of limitations requirement.  As such, any discovery in this case would
9 | be moot.

Accordingly, Petitioner has failed to demonstrate good cause and his request for leave to conduct discovery is **DENIED**.

DATE: August 13, 2009

_____
Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc:   The Honorable Irma E. Gonzalez
      All Parties and Counsel of Record

---

1. The Court only analyzes Petitioner's requests for materials subject to discovery; i.e. documents and items that would be available to him in the normal course of litigation and not subject to any privilege or other such protection.