UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOVARDO SALCEDA<br><br>　　　　　　Petitioner,<br><br>vs.<br><br>JOHN F. SALAZAR, WARDEN,<br><br>　　　　　　Respondents. | Civil No.　　　08cv1037 IEG (PCL)<br><br>**REPORT AND RECOMMENDATION RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |

### I.

### INTRODUCTION

Petitioner Leovardo Salazar ("Petitioner") has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 1995 conviction for kidnapping and exhibiting a deadly weapon in San Diego Superior Court case number SCD 112436. (Doc. No. 1.) At the time Petitioner filed his Petition with this Court, he also filed an Application for Equitable and Statutory Tolling Under 28 U.S.C. 2244. (Doc. No. 3.) On January 27, 2009, the undersigned ordered Respondent to serve a response to the Petition. (Doc. No. 22.) On March 10, 2009, Respondent filed a motion to dismiss the petition, arguing that the Petition was filed beyond the statute of limitations. (Doc. No. 28.)

The Court has considered the Petition, Application for Equitable and Statutory Tolling, Respondent's Motion to Dismiss and Memorandum of Points and Authorities in Support of the Motion to Dismiss, Petitioner's Opposition to the Motion to Dismiss, the lodgments submitted by Respondent, and all the supporting documents submitted by Petitioner in support of his Opposition. Based upon the documents and evidence presented in this case, and for the reasons set forth below, the Court recommends that the Motion to Dismiss be **GRANTED.**

## II.

## PROCEDURAL BACKGROUND

A jury convicted Petitioner of kidnapping (Penal Code § 207(a))[1] and exhibiting a deadly weapon (Penal Code § 417(a)) in 1995 in case number SCD112436. (Lodgment 1, 120; 123; 225.) At the conclusion of a bifurcated trial, the trial court found Petitioner had three strike priors (Penal Code § 667 (b)-(i)), two serious felony priors[2] (Penal Code § 667(a)), and that he had served one prior prison term (Penal Code § 667.5(b)). (Id. at 226-27.) Based upon the present conviction and Petitioner's prior offenses, the trial court sentenced Petitioner to a total term of 35 years to life in prison. (Id. at 205.)

Petitioner timely appealed and on October 25, 1996, the Court of Appeal, Fourth Appellate District, issued an unpublished opinion remanding the case for consideration of a motion to strike prior strikes pursuant to People v. Romero, 13 Cal.4th 497 (1996). (Lodgment 6.) On remand, the trial court struck two strikes from Petitioner's sentence and sentenced Petitioner to a determinate term of 26 years: double the eight-year term for kidnapping and two consecutive five-year terms for the serious felony priors. (Lodment 8, 23:9-10.)

Petitioner timely appealed that new sentence. (Lodgment 9.) However, this time, the Court of appeal affirmed the judgment and sentence on March 25, 1998. (Lodgment 11.)

Thereafter, on June 19, 2002,[3] Petitioner began his first round of habeas petitions in state court by claiming he was denied due process in the 1989 robbery conviction (CR 105783), that he received ineffective assistance of counsel in both CR 105783 and CR 140382 (the 1993 guilty plea to assault),

---

[1] All references are to the California Penal Code.

[2] Petitioner was convicted of robbery in 1989 following a "slow plea" in case number CR 105783. (Lodgment 1, 128-30.) On November 2, 1989, Petitioner was sentenced to the lower term of two years for two counts of robbery and one count of unlawful taking of a motor vehicle. (Id. at 129-30.) Petitioner also pled guilty to assault in 1993 in case number CR 140382. (Id. at 134-35.) For this offense, Petitioner was sentenced to a probationary period of three years. (Id. at 136.)

[3] For purposes of calculating AEDPA's limitation period the "mailbox rule" applies to both the pro se prisoner's federal habeas petition and the state court habeas petition that began the period of tolling. See Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (applying Houston v. Lack, 487 U.S. 266, 276 (1988), in which the Supreme Court held that a notice of appeal by a pro se prisoner is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of court); see also Huizar v. Carey, 273 F.3d 1220 (9th Cir. 2001)(holding that mailbox rule applies even if document is never actually filed as long as prisoner diligently follows up once he has failed to receive a disposition from the court).

2

that his constitutional rights were violated in the bifurcated court trial on the priors alleged in SCD 112436, and that the court committed trial error in SCD 112436 when it informed jurors in his trial of the verdict in the O. J. Simpson case. (Lodgment 12, 14-19.) The court did not find merit in these arguments and denied the petition on July 19, 2002. (Lodgment 13.)

Petitioner continued his appeal in the Court of Appeal on November 19, 2002. (Lodgment No. 14.) Petitioner alleged his sentence for the 1995 conviction ( CR 105783 ) was constitutionally invalid because he was factually innocent of the 1989 offense,[4] ineffective assistance of counsel in both the 1989 case and the 1993 case, and insufficient evidence to support the current conviction and due process violations in the current case. (Id.) The Court of Appeal denied the petition in a reasoned opinion on February 6, 2003. (Doc. No. 28-1,.3.) Petitioner then filed a Supplement Motion to Pending Petition for Writ of Habeas Corpus on February 13, 2003, alleging recent developments after the filing of the initial petition. (Lodgment 16.) The Court of Appeal denied this Petition for failing to state a prima facie case on May 5, 2003. (Lodgment 17.) Petitioner filed a Petition for Writ of Review in the California Supreme Court on June 10, 2004 asserting the same claims from his previous petitions in the lower courts. (Lodgment 18.) The California Supreme Court summarily denied this petition on June 8, 2005. (Lodgment 19.)

Thereafter, Petitioner began a second round of habeas petitions by filing a petition in superior court on August 31, 2005. (Lodgment 20.) Petitioner alleged a single claim of ineffective assistance of counsel in the 1995 conviction. (Id.) The Superior Court denied the petition as successive on November 2, 2005. (Lodgment 21.) While that petition was pending in Superior Court, Petitioner filed an Application for Permission to File Motion - Leave to Amend - With New Evidence in the Court of Appeal on September 8, 2005. (Lodgment 22.) Due to the pendency of his petition in Superior Court, the Court of Appeal denied this petition on October 11, 2005. (Lodgment 23.) On February 7, 2006, following the denial of his successive petition by the superior court, Petitioner filed a petition in the Court of Appeal. (Lodgment 24.) This petition set forth the ineffective assistance of counsel claim alleging new evidence to support his contention. (Id.) The Court of Appeal denied this petition on April

---

[4] Petitioner's 1989 conviction for robbery was considered a prior strike at sentencing in case number CR 015783.

3

20, 2006. (Lodgment 25.) Petitioner filed a petition for review in the California Supreme Court on February 26, 2007 (Lodgment 26) which was denied on September 25, 2007. (Lodgment 27.)

From this point it is unclear which filing corresponded to which denial due to Petitioner's various pending petitions at the same time. In sum, Petitioner filed a third petition in the Court of Appeal on December 20, 2007 (Lodgment 28) which was denied on April 9, 2008. (Lodgment 29.) Shortly thereafter, Petitioner filed a final Petition for Review in the California Supreme Court on April 17, 2008 (Lodgment 30) which was summarily denied on June 11, 2008. (Lodgment 31.)

Petitioner filed the instant Petition for Writ of Habeas Corpus in this Court on June 10, 2008. (Doc. No. 1.)

## III.

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner has one year from the date his or her conviction is final to file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d); see also Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997) (overruled in part on other grounds, Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc)). The one-year limitations period begins to run from the latest of four possible dates outlined in sections 2244(d)(1)(A) through (D). As amended by section 101 of AEDPA, 28 U.S.C. § 2244 now provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d) (LEXIS 2008). The statute of limitations, however, is subject to both statutory and equitable tolling. See 28 U.S.C. § 2244(d)(1); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997). The Court finds Petitioner is entitled to no statutory tolling during the

applicable limitation period and he is not entitled to any equitable tolling. His Petition is therefore untimely and the Court recommends it be **DISMISSED** with prejudice.

### A. Commencement of the One-Year Statute of Limitations

Petitioner's direct appeal was denied by the California Court of Appeal on Supreme Court on March 26, 1998. (Lodgment No. 11.) Thus, including the ninety days within which Petitioner could have pursued his appeal in the California Supreme Court by filing a petition for writ of review, his conviction became final on June 26, 1998. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Absent any statutory or equitable tolling, Petitioner had until June 26, 1999 to file his federal habeas petition. 28 U.S.C. § 2244(d).

### B. Statutory Tolling

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review . . .is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Petitioner constructively filed his first state habeas petition on June 19, 2002. (Lodgment 12); see Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000). The superior court denied the petition on July 19, 2002. (Lodgment 13.) In California, Petitioners are entitled to statutory tolling for the period between the denial of a habeas petition and the filing of a new habeas petition in a higher court so long as the petition is timely. Evans v. Chavis, 546 U.S. 189, 192 (2006). Petitioner's three rounds of habeas petitions in state court were concluded on June 11, 2008.[5] (Lodgment 31.) Petitioner has not alleged he is entitled to statutory tolling until the end of the third round of habeas petitions in state court. However, the Court need not decide this question because even if the Court credits Petitioner with the time Petitioner had a properly filed petition pending in state court, his petition is still not saved by statutory tolling. Petitioner's first petition in state court was not filed until June 19, 2002; almost three years after his limitation period had expired for filing a federal petition. During that period, no tolling can be applied because no state habeas petition was "pending." See Evans, 546 U.S. at 198. Thus, by the time Petitioner filed his habeas corpus

---

[5]The Court notes Petitioner filed his Petition in this Court on June 10, 2008, one day before the last denial in the state Supreme Court. However, given Petitioner's later Motion to Amend (Doc. No. 17) in which Petitioner sought to add two "newly exhausted" claims to his Petition, the Court concludes that Petitioner would be entitled to statutory tolling until the conclusion of the final review of his state petitions.

petition in Superior Court, the statute of limitations for filing his federal habeas petition had run. His federal petition can therefore only be timely if he is eligible for sufficient equitable tolling to make his June 10, 2008 federal habeas petition timely.

### C. Equitable tolling

"To be entitled to equitable tolling, [Petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is unavailable in most cases, and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

Petitioner argues five[6] "extraordinary circumstances beyond Petitioner's control" for equitable tolling of the statute of limitations during the period from June 1998 to June 2002. (Doc. No. 42, 25.) Petitioner contends: 1) he was denied access to legal files; 2) compliance with his prison vocational and job assignments kept him from using the prison law library; 3) continuous lockdowns at Lancaster Prison kept him from using the law library and filing a timely petition; 4) the prison law library did not have updated legal materials of relevance to the issues in his petition; and 5) his health problems prevented him from filing a timely petition. (Id..)

Petitioner has submitted voluminous documents to support his claim that he is entitled to equitable tolling for the entire period between June of 1998 and June of 2002. He details a series of letters to show his diligent attempts to obtain his legal files from the various attorneys who represented him on the instant and prior convictions as well as the courts in which he was convicted. Petitioner also documents his work assignments in prison and several prison incidents leading to institutional lockdowns which kept him from accessing the law library as well as a group grievance by several inmates regarding the inadequacy of the materials in the prison law library. Lastly, Petitioner submits medical records detailing a history of Crohn's disease with an onset date of August 14, 2002. The Court

---

[6]Although Petitioner separates his claims for equitable tolling into five distinct circumstances, the Court finds that arguments two, three and four equally assert prison conditions as an impediment to timely filing of his federal petition. In order to avoid repetitive analysis, the Court addresses the claims in three sections.

has carefully reviewed the documents submitted by Petitioner and finds they do not support a conclusion that Petitioner is entitled to equitable tolling.

1.  Denial of Access to Legal Files

In his first claim for equitable tolling, Petitioner contends that he was denied access to his legal files by various attorneys and the courts. A lack of access to legal materials may constitute extraordinary circumstances beyond a prisoner's control sufficient to establish equitable tolling. Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005). On the other hand, a petitioner deprived of access to his legal file is not entitled to equitable tolling as a matter of law. Vigliotto v. Terry, 873 F.2d 1201, 1202-1203 (9th Cir. 1989) ("The temporary deprivation of an inmate's legal materials does not, in all cases, rise to a constitutional deprivation.").[7] If a petitioner is denied access early in the statutory period, or if the file is returned long before the end of the statutory period, a court may find that the petitioner still had sufficient opportunity to complete his petition within the statutory period. See Allen v. Lewis, 255 F.3d 798 (9th Cir. 2001) (no equitable tolling where petitioner was deprived of file for 27 days one month into limitations period and received file with eleven months remaining); see also Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999) (no equitable tolling where petitioner had over six months to complete petition after being returned to his usual quarters).

However, the situations described above all pertain to circumstances where prison officials deprived a Petitioner of his legal files within the prison system. Petitioner alleges that various attorneys and the courts denied him access to his legal files and records by not providing them until 2000. (Doc. 42, 27.) In general, mere attorney negligence will not stop the clock on a limitations period. However, "where an attorney's misconduct is sufficiently egregious, it may constitute an 'extraordinary

---

[7] A sufficiently long deprivation of legal materials may warrant equitable tolling under certain circumstances. Lott v. Mueller, 304 F.3d 918, 924 (9th Cir.2002) In Lott, the Ninth Circuit observed that "federal habeas petition[s] under the AEDPA" are of "grave importance," and authorized equitable tolling for a prisoner who was denied access to his file for 82 days. 304 F.3d at 922. In 2005, the Ninth Circuit Court of Appeals also extended equitable tolling to a prisoner who was denied access to his files for eleven months while in Administrative Segregation, noting that after their return "[petitioner] had only slightly over a month with his legal file to try to prepare a proper petition." Espinoza-Matthews, 432 F.3d at 1028. The Second Circuit has also held that where legal documents were intentionally confiscated by prison officials, extraordinary circumstances exist as a matter of law. Valverde v. Stinson, 224 F.3d 129, 133 (2nd Cir. 2000). At the other end of the spectrum, where the prisoner lacked access for only three days, the court was unwilling to provide relief in the form of equitable tolling. See Vigliotto, 873 F.2d at 1202.

7

1  circumstance' warranting equitable tolling of AEDPA's statute of limitations." Spitsyn v. Moore, 345
2  F.3d 796, 800 (9th Cir. 2003). In Spitsyn, petitioner's attorney did not deliver the legal file until after
3  the filing deadline had passed. Id. at 802. The Ninth Circuit held that this degree of attorney misconduct
4  would generally justify equitable tolling. (Id.) Even so, the issue was remanded for "consideration of
5  whether [petitioner] exercised reasonable diligence in ultimately filing," where the petition was not filed
6  until four months later. Id. Similarly, in Meredith v. Belleque, petitioner attempted to get his file from
7  his attorney seven times over a period of almost two years. 2007 U.S. Dist. LEXIS 12049 (D. Or. Feb.
8  16, 2007). Approximately three months before the filing deadline, petitioner finally received the
9  documents and the district court held that this constituted extraordinary circumstances. 2007 U.S. Dist.
10 LEXIS 12049 at *2.

11       Petitioner's first argument is that his diligent attempts to obtain his legal materials were hindered
12 by various attorneys and the courts who declined to make his legal files available to him until after 2000.
13 (Doc. No. 42, 26-28.) In support of his contention, Petitioner submits 56 letters written by Petitioner
14 or in response to a letter written by Petitioner as evidence of attempts to obtain his legal files between
15 1998 and 2002. (Doc. No. 42-2, 56-98.) As to the period of time outlined above, however, the Court
16 concludes Petitioner is not entitled to any equitable tolling. To begin with, Petitioner's argument states
17 he made diligent attempts to obtain the files in all three of his convictions, including the prior assault
18 conviction in 1993 (CR 140382) and the prior robbery conviction in 1989 (CR 105783). (Doc. No. 42,
19 27.) Petitioner has not stated why these case files and transcripts are necessary for the preparation of
20 his Petition for Writ of Habeas Corpus in the instant case which is a collateral attack on a 1997 re-
21 sentencing for a 1995 conviction for robbery. In fact, in a letter dated March 26, 1998, Petitioner's
22 attorney on appeal, Handy Horiye, informs Petitioner that he withdraws from representation of
23 Petitioner on appeal past the Court of Appeal level and that Petitioner has the necessary materials to file
24 a Petition for Review in the California Supreme Court. (Doc. No. 42-2, 64.) It is clear from the record
25 that Petitioner never filed a Petition in the California Supreme Court following the denial of his appeal
26 in 1998. The Court also notes Petitioner's attorney indicates he has Petitioner's transcripts in his
27 possession and "will send them to [Petitioner] when the appeal is over in about 2 months." (Doc. No.
28 42-2, 64.) Although Petitioner began diligent efforts to secure client files, court records and trial

transcripts in all three of his criminal conviction cases, he fails to explain how the files from his prior convictions are relevant to a petition regarding the instant sentence. Without such an explanation, this Court can hardly conclude that the fact he allegedly did not have all of the court records, client files and transcripts of proceedings relating to his prior convictions and current sentence amounts to an "extraordinary circumstance." Espinoza-Matthews, 432 F.3d at 1026-27.

As a final point to this analysis, even if the Court were to find that Petitioner's situation had amounted to "extraordinary circumstances," Petitioner must demonstrate both the existence of extraordinary circumstances and diligence in pursuing his rights as soon as the files were available to him. See Pace, 544 U.S. at 418. In Pace, the Supreme Court set forth an equitable tolling standard with two distinct prongs, "extraordinary circumstances" and "diligence." Id. Where equitable tolling may be available due to attorney misconduct or similar circumstances, the question of a petitioner's diligence is key.

In this case, Petitioner's own evidence shows that his transcripts on appeal were likely returned to him by Mr. Horiye two months after the conclusion of his appeal in March 1998 (Doc. No. 42-2, 64) and that Mr. Mangarin, Petitioner's attorney in 1995, returned files and transcripts to Petitioner on July 28, 2000. (Doc. No. 42, 27; Doc. No. 42-2, 71.) However, Petitioner did not file his first Petition in state court until June 19, 2002. (Lodgment 12.) Petitioner offers no explanation for this delay. As such, the Court determines that Petitioner was not diligent in filing his Petition upon obtaining his legal files because he apparently waited two years before doing so.

Moreover, notwithstanding Petitioner's receipt of his appeal file two months after the conclusion of his appeal, Petitioner's alleged extraordinary circumstances were seemingly encountered after the limitations period had already expired. Petitioner contends he began efforts to obtain his legal files and court records beginning with a request to Attorney Mangarin in April of 1998. However, Petitioner's evidence of efforts to obtain court records and case files begins with a letter to Mr. Mangarin dated December 20, 1999.[8] If Petitioner intended to initiate a collateral attack upon the instant case, he

---

[8] Petitioner includes a letter dated October 5, 1998 addressed to the Superior Court of California in San Diego. (Doc. No. 42-2, 67). This letter appears to be a request for "all of my records for my case in 1989, case # CR105783." (Id.) As stated above, Petitioner has not shown that court records for a previous conviction are necessary to argue the merits of a resentence proceeding in 1998. Moreover, the Court notes that Petitioner's resentence was for a 1995 conviction, for which Petitioner was

9

appears to have been able to do so as soon as his attorney on appeal returned his files to him. Additionally, Mr. Horiye's letter of March 26, 1998 states: "You do not need the transcripts to file a petition for review. You can use the facts and issue[s] raised in the briefs I sent you." (Doc. No. 42-2, 64.) If Petitioner had intended to continue the direct appeal and subsequent habeas process in state court, he would likely have filed a Petition for Review in the California Supreme Court or a federal petition shortly after the conclusion of his appeal in the Court of Appeal.

Having carefully considered the documents and arguments Petitioner has presented to support a claim of equitable tolling, the Court concludes he has not satisfied his burden to establish that he was diligently pursuing his rights and that "some extraordinary circumstance stood in his way and prevented him from timely filing" his federal petition. See Lawrence v. Florida, 549 U.S. 327.

2. Denial of Access to Prison Law Library

Petitioner sets forth three claims amounting to a denial of access to the prison law library. First, Petitioner alleges that vocational and work assignments in prison, coupled with continous lockdowns at Lancaster State Prison prevented him from filing his federal petition in advance of the statute of limitations. (Doc. No. 42, 29-31.) Second, Petitioner argues that a lack of updated legal research materials in the prison law library created an impediment to timely filing of his federal Petition. (Id. at 32.) In support of his first contention, Petitioner submits various memorandums and schedules detailing the prison law library's operating procedures, hours of operation and Petitioner's request for legal materials. (Doc. No. 1-4, 64-71; 73-75.) Petitioner has also submitted a handwritten letter stating that he "utilized the B library 7 times" during the months of October and November 2005. (Doc. No. 1-4, 72.)

Delay in gaining access to the prison library is not a ground for equitable tolling. "Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition." Boyd v. Kramer, 2008 U.S. Dist. LEXIS 67188, *18 (E.D. Cal. Mar. 21, 2008) (quoting Atkins v. Harris, 1999 U.S. Dist. LEXIS 164, *6 (N.D. Cal. Jan. 7, 1999) (reasoning that lockdowns, restricted library access and transfers do not constitute extraordinary

---

originally sentenced in 1996 to a higher term than that which he received in 1998. Petitioner has not explained why he waited nine years to request files and records if he thought his constitutional rights were violated during his sentencing on that 1995 conviction.

1 circumstances sufficient to equitably toll the [AEDPA] statute of limitations.); see also Lindquist v. Idaho State Board of Corrections, 776 F.2d 851, 858 (9th Cir. 1985) ("[T]he Constitution does not guarantee a prisoner unlimited access to a law library.")

Here, Petitioner's limited access to the law library does not constitute "extraordinary circumstances" because the documents in support of this claim all date *after* the statute of limitations had expired. As stated above, following the conclusion of his direct appeal in the California Court of Appeal, Petitioner had until June 25, 1999 to file a federal Petition. Because none of these records or circumstances occurred during the relevant period of June 1998 to June 1999, Petitioner has not shown circumstances amounting to equitable tolling in this regard.

Petitioner next argues that lockdowns at Lancaster State Prison constituted an impediment to the timely filing of his federal habeas petition. (Doc. No. 42, 31.) Section 2244(d)(1)(B) does not define "impediment." See Wood v. Spencer, 487 F.3d 1, 6 (1st Cir. 2007); Lloyd v. Van Natta, 296 F.3d 630, 633 (7th Cir. 2002) (per curiam). Courts have held, however, that an impediment must "prevent" the petitioner from timely filing his federal habeas petition and that the impediment must be beyond the petitioner's control. See Wood, 487 F.3d at 7 (concluding that, where petitioner had "the power to blunt the effect of any state-created impediment" with "garden-variety diligence," tolling under § 2244(d)(1)(B) is not appropriate).

In this case, Petitioner has not made an adequate showing that the claimed lockdowns posed an impediment to his filing of a timely federal habeas petition. Petitioner has not shown that the lockdowns at Lancaster State Prison were an extraordinary circumstance not contemplated by the statute or the courts. Lockdowns by prison officials are not sufficient to warrant equitable tolling when instituted for penological interests. Lewis v. Casey, 518 U.S. 343, 361-362 (1996). In Lewis, the Supreme Court was clear that deference must be given to prison authorities. Id. The Court rejected the idea that inmate lockdowns necessarily meant they were denied access to the courts. Id. "[A] prison regulation impinging on inmates' constitutional rights is valid if it is reasonably related to legitimate penological interests." Id. at 361 (quotation omitted). Therefore, Petitioner's lockdown status during the periods alleged is not sufficient to warrant equitable tolling in this circumstance.

Lastly, Petitioner claims that from 1998 to 2003, outdated legal research materials and minimal

11

library hours at Lancaster Prison Library created an impediment to Petitioner's filing of a federal Petition. (Doc. No. 42, 32-34.) Petitioner further alleges that restricted library use to inmates with a verifiable court deadline prevented him from filing a timely Petition. (Id.)

To the extent Petitioner argues he was denied a constitutional right to a law library in prison, Petitioner has not presented a cognizable federal claim. However, prisoners generally have a federal constitutional right of access to the courts guaranteed by the Fourteenth Amendment. See Bounds v. Smith, 430 U.S. 817, 821 (1977); see also Royse v. Superior Court, 779 F.2d 573 (9th Cir. 1986). "[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" Lewis, 518 US. at 351; Bounds, 430 U.S. at 825. Here, Petitioner does not deny he had access to a law library while in prison. Rather, Petitioner claims he did not have access to an *updated* law library.[9] As to that claim, Petitioner has failed to allege that his constitutional rights were violated because the constitution does not guarantee the right to an updated set of legal materials with which to prepare his pleadings. Further, Petitioner presents no federal statute or case law to support that contention. Although petitioner may have desired additional time in the library, any limitation on his access to the library in this case does not warrant equitable tolling. Decisions regarding the placement and supervision of inmates are generally the unique province of prison officials. The law recognizes that, particularly in the context of prison administration, the prison administrators, not the courts, are in the best position to make decisions about prison security and the allocation of prison resources. Turner v. Safley, 482 U.S. 78, 84-85 (1987); Hudson v. Palmer, 468 U.S. 517 (1984).

As such, Petitioner's claims alleging interference with library hours, lockdowns and outdated research materials do not amount to equitable tolling of the statute of limitations as to his Petition.[10]

---

[9] Petitioner submits an Inmate Group Appeal, CDC form 602, showing that he along with 10 inmates requested updated materials in the law library. (Doc. No. 42-2, 3-4.) However, the Appeal Form is dated April 28, 2002 which is after the relevant period of time for statutory compliance with the AEDPA's statute of limitations. Therefore, the Court declines to consider that exhibit here.

[10] Other District Courts have also found library closures and unpredictable lockdowns do not constitute extraordinary circumstances warranting equitable tolling in habeas cases. See United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.Cal.1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations);

### 3. Petitioner's Medical Condition

Lastly, Petitioner contends that onset of Crohn's disease in August 14, 2002 created an impediment to timely filing of his federal Petition. (Doc. No. 42, 35.) Petitioner presents evidence in the form of medical reports and progress notes to demonstrate the time Petitioner spent in the Prison Medical Ward dealing with this condition. (Doc. No. 42-3, 23-51.) The Court determines Petitioner's claim of Crohn's disease does not constitute "extraordinary circumstances" justifying equitable tolling on the record before the court. Although Petitioner has presented medical evidence of the condition, the medical records indicate that the onset date of his disease was August 14, 2002 which is three years after the expiration of the relevant limitation period in Petitioner's case. Petitioner has not presented any evidence, such as medical records, hospital records, prescriptions, or his own declaration or the declarations of those physicians who treated him, to support his allegation that he had a debilitating medical condition during the time period June 1998 to June 1999.

Moreover, in the Ninth Circuit it is well-settled that mental and physical disabilities alone do not warrant equitable tolling where other evidence shows the petitioner could still have filed a timely petition. See Gaston, 417 F.3d at 1034-35 (petitioner was not entitled to equitable tolling based upon physical and mental disabilities since he prepared and filed a state habeas petition while suffering from the alleged disabilities). Petitioner must show his alleged disorder kept him from filing a timely Petition. See Allen, 255 F.3d at 800-01 ("at the very least, the prisoner must show that the 'extraordinary circumstances' were the but-for and proximate cause of his untimeliness"). In sum, the determination of a prisoner's entitlement to equitable tolling "turn[s] on an examination of detailed facts." Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002); see also Whalem/Hunt v. Early, 233 F.3d 1146, 1147 (9th Cir. 2000) (en banc).

As noted from the procedural history of this case, during this same time period during which Petitioner claims to have been hampered in his efforts by his physical condition, the records before the

---

Atkins, 1999 U.S. Dist. LEXIS 164 (lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the AEDPA statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition…. Petitioner's alleged lack of legal sophistication also does not excuse the delay."); Giraldes v. Ramirez-Palmer, 1998 U.S. Dist. LEXIS 17573 (N. D.Cal.1998) (holding that prison lockdowns do not constitute extraordinary circumstances warranting equitable tolling).

13

court establish that he filed several rounds of habeas petitions in state court and continued his letter writing efforts to obtain court records and transcripts. Although Petitioner spent some time in the infirmary, his record of activities during these periods contradict his assertion that he was rendered incapable of filing a timely federal petition by his condition. In sum, Petitioner has not presented an "extraordinary circumstance" in order to warrant equitable tolling of the statute of limitations.

## IV.
## CONCLUSION AND RECOMMENDATION

The Court submits this Report and Recommendation to United States Chief District Judge Irma E. Gonzalez under 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c)(1)(c) of the United States District Court for the Southern District of California. For the reasons outlined above, **IT IS HEREBY RECOMMENDED** that the Court issue an Order:  (1) approving and adopting this Report and Recommendation, and (2) directing that Judgment be entered GRANTING the Motion to Dismiss and dismissing the Petition with prejudice.

**IT IS ORDERED** that no later than **September 3, 2009,** any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **September 17, 2009**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

DATE: August 13, 2009

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc: The Honorable Irma E. Gonzalez
All Parties and Counsel of Record

14