# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOVARDO SALCEDA,<br><br>                    Petitioner,<br>  vs.<br><br>JOHN F. SALAZAR, Warden,<br><br>                    Respondent. | CASE NO. 08cv1037-IEG(PCL)<br><br>Order Adopting in Part and Rejecting in Part Magistrate Judge's Report and Recommendation; Denying Respondent's Motion to Dismiss |

Petitioner Leovardo Salcedo has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1995 conviction and sentence[1] for kidnapping with prior convictions in San Diego County Case No. SDC112436. Along with his initial petition, Petitioner filed an application for equitable and statutory tolling under 28 U.S.C. § 2244. [Doc. No. 3.] Respondent moved to dismiss the petition, arguing it is barred by the one-year statute of limitations. [Doc. No. 28.]

On August 14, 2009, Magistrate Judge Peter C. Lewis filed a report and recommendation ("R&R"), recommending that the Court grant the motion to dismiss. Petitioner filed his objections to the R&R on November 12, 2009. Respondent did not file a reply. Upon *de novo* review of the

---

[1] Petitioner objects that report and recommendation ("R&R") fails to reflect he is challenging both the 1995 conviction and the enhanced sentence. [Petitioner's Objections (Doc. No. 54), Objection #1, pp. 7-8.] A review of the R&R shows Magistrate Judge Lewis was certainly aware of Petitioner's claim relating to the enhancement of his sentence following the 1995 conviction.

each of the parties' filings in this case[2], the R&R, and Petitioner's objections, the Court concludes the Magistrate Judge correctly concluded that Petitioner is not entitled to statutory or equitable tolling. Thus, the Court ADOPTS that portion of the R&R.

Nonetheless, neither Respondent nor the R&R addresses Petitioner's claim that he is entitled to have his claims heard under the "actual innocence" gateway set forth in Schlup v. Delo, 513 U.S. 298, 316 (1995). Therefore, the Court REJECTS that portion of the R&R that recommends the Court grant Respondent's motion to dismiss. Instead, the Court DENIES the motion to dismiss, without prejudice to Respondent filing a second motion addressing Petitioner's claim he is entitled to proceed through the actual innocence gateway.

### *Procedural Background*

The R&R contains a complete and accurate summary of Petitioner's state post-conviction proceedings, and the Court fully adopts the R&R's statement of procedural background. In sum, a jury found Petitioner guilty of kidnapping and exhibiting a deadly weapon. Following a bifurcated court trial, the trial court found Petitioner had three prior strikes, two serious felony priors, and one prior prison term. Based thereon, the trial court sentenced Petitioner to a term of 35 years to life.

The California Court of Appeal affirmed Petitioner's conviction, but remanded the case with directions for the trial court to consider whether to strike any of the priors. On remand, the trial court struck two priors and sentenced Petitioner to 26 years to life – double the eight-year upper term for kidnapping with a strike, enhanced by two five-year terms for the prior serious felony convictions. The California Court of Appeal affirmed the new sentence on March 25, 1998, and Petitioner did not seek review by the California Supreme Court.

In June of 2002, Petitioner filed a state habeas corpus petition, challenging the trial court's use of a 1989 robbery conviction to enhance his sentence. Petitioner filed a total of three rounds of state habeas corpus petitions in the Superior Court, Court of Appeal, and California Supreme Court before he filed his current petition in this Court on June 6, 2008, each raising issues

---

[2] Petitioner questions whether the Clerk of the Court provided Respondent with a copy of his Application for Equitable and Statutory Tolling, which was filed along with the original petition. [Objection #2, p. 9.] According to the Court's docket, Petitioner's application was electronically served upon the Attorney General's Office along with the petition.

1 regarding the validity of the 1989 robbery conviction and the use of that prior conviction to
2 enhance his current sentence. The California Supreme Court denied the final petition on June 11,
3 2008, after Petitioner filed his federal habeas corpus petition.
4     Petitioner objects to one portion of the R&R's procedural history, where Magistrate Judge
5 Lewis states that the California Supreme Court "summarily denied" his first petition for writ of
6 review in Case No. S125591. [Objection #3, pp. 10-16.] As Petitioner points out, the California
7 Supreme Court in fact denied the petition in Case No. S125591 on June 8, 2005 with citations to In
8 re Robbins, 18 Cal. 4th 770, 780 (1998) and In re Swain, 34 Cal. 2d 300, 304 (1949), as well as In
9 re Dixon, 41 Cal. 2d 756 (1953), In re Lindley, 29 Cal. 2d 709 (1947), and In re Waltreus, 62 Cal.
10 2d 218 (1965) . [Lodgment No. 19.]

### *Factual Background*

12     The following facts are relevant to evaluate Petitioner's assertion (1) that his current
13 petition is timely by the application of equitable or statutory tolling, or (2) that the Court should
14 consider his claims because he is actually innocent of one of the prior convictions used to enhance
15 his current sentence. As noted above, one of the prior serious felony convictions upon which the
16 trial court relied in enhancing Petitioner's sentence was a 1989 conviction on two counts of
17 robbery. Petitioner argues (1) he is actually innocent of one of the two 1989 robbery counts,
18 relating to Mr. Haro, (2) the 1989 robbery of Mr. Haro should not have been used to enhance his
19 current sentence, (3) his trial attorney with regard to the 1989 conviction was constitutionally
20 ineffective for failing to challenge the factual basis for the "slow plea," (4) his 1989 "slow plea"
21 was invalid because he was never advised by the court or his attorney of his constitutional rights
22 before he agreed to submit the matter to the trial judge based on the transcripts of the preliminary
23 hearing, and (5) his trial attorney with regard to the current conviction was constitutionally
24 ineffective for failing to investigate the validity of the 1989 robbery conviction.
25     Petitioner always maintained he did not rob Mr. Haro, but Petitioner was unable to obtain
26 any evidence to support his claim until recently. Petitioner argues he now has several pieces of
27 exculpatory evidence, including (1) a November 15, 2001 sworn statement by a witness, Juan
28

Sanchez, saying Petitioner did not rob Mr. Haro (Objections, Exhibit 2, page 8),[3] (2) two sworn statements, dated May 20, 2004 and July 19, 2006, by the actual robber, Jesus Lopez, that he alone robbed Haro (Objections, Exhibit 2, pages 9-14) , and (3) a May 21, 2003 letter from the prosecutor responsible for the 1989 robbery case, stating that on the first day of Petitioner's scheduled trial in 1989, Mr. Haro indicated he had misidentified Petitioner as the person who robbed him (Objections, Exhibit 2, page 4).[4]

## *Discussion*

The R&R sets forth the correct legal standard the Court must apply in considering whether the current petition is time-barred. Pursuant to 28 U.S.C. § 2244,

> (d)(1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>    (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>                                         * * *
>    (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>    (2)  The time during which a properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner does not contest Magistrate Judge Lewis's conclusion that, absent any statutory or equitable tolling, the statute of limitation began to run on June 26, 1998, when his time for seeking direct review expired.[5]  Petitioner does, however, object to the R&R's conclusion he is not entitled equitable or statutory tolling which would render the petition timely.

---

[3] Petitioner also has a copy of the transcript of an investigator's interview with Sanchez, conducted shortly after the 1989 robbery, indicating he identified Petitioner but told officers Petitioner was not the person who robbed him and Mr. Haro. [Objections, Exhibit 2, pages 5-7.]

[4] The prosecutor's letter dated March 21, 2003, which is attached as Exhibit 2, page 4, to Petitioner's objections, also states Mr. Haro told the prosecutor he resided in Tijuana, Mexico and had no intention of coming to court for Petitioner's trial.

[5] The Court is not clear what Petitioner's Objection #4 [Objections, pp. 16-17] is intended to address.  Petitioner appears to repeat the R&R's conclusion that absent equitable and statutory tolling, his petition should have been filed by June 25, 1999, and that Petitioner is not entitled to statutory tolling. Petitioner makes no specific objection to these conclusions in the section entitled Objection #4.

Petitioner's Objections #5 through 8 discuss both statutory and equitable tolling, and dispute every ground upon which Magistrate Judge Lewis concluded the petition is time barred. As a result, the Court will discuss below each of Petitioner's claims that he is entitled to statutory and equitable tolling. Petitioner's Objection #9 focuses on the R&R's failure to address his claim of cause and prejudice and actual prejudice. Thus, following a discussion of petitioner's asserted grounds for statutory and equitable tolling, the Court will address Petitioner's argument that he is actually innocent of the 1989 robbery of Mr. Haro.

*1. Statutory tolling*

Magistrate Judge Lewis found Petitioner's state judgment of conviction became final on June 26, 1998. Therefore, Petitioner had one year from that date – until June 26, 1999 – to file his federal habeas corpus petition. Because Petitioner's first state habeas corpus petition was not filed until June of 2002, approximately four years after his state judgment of conviction became final, the R&R correctly concluded that none of Petitioner's three rounds of state habeas corpus proceedings had any impact upon the timeliness of his federal habeas corpus petition.

In his objections, Petitioner argues the Court should grant him a later starting date for the statute of limitations under § 2244(d)(1)(B)[6] because there were several State-created impediments to his earlier filing. This argument lacks merit. Neither Petitioner's difficulty in obtaining his files and materials from his trial attorney regarding this case and his 1989 prior conviction, nor the prosecutor's alleged withholding of exculpatory information, were State created impediments within the meaning of § 2244(d)(1)(B). "[Petitioner] is entitled to the commencement of a new limitations period under § 2244(d)(1)(B) only if his [difficulty in obtaining files and materials] altogether prevented him from presenting his claims in *any* form, to *any* court." Ramirez v. Yates, 571 F.3d 993, 1001 (9th Cir. 2009) (emphasis in original); see also Lloyd v. Van Natta, 296 F.3d 630, 633 (7th Cir. 2002) (state's failure to provide transcripts to petitioner who sought to file

---

[6]In his objections, Petitioner also appears to argue he is entitled to a later statutory commencement period under § 2244(d)(1)(D) based upon a new "factual predicate" that could not have been discovered earlier through the exercise of diligence. [Objections, Doc. No. 54, p. 6.] Petitioner did not raise this argument in any of his earlier filings, and any claim that Petitioner has a "new factual predicate" for his claims under § 2244(d)(1)(D) is intertwined with Petitioner's actual innocence argument. Therefore, the Court will not at this time address the question of whether Petitioner is entitled to a later statutory commencement period under § 2244(d)(1)(D).

petition for post-conviction review was not an "impediment" to filing within the meaning of § 2244(d)(1)); Wood v. Spencer, 487 F.3d 1, 7 (1st Cir. 2007) (prosecutor's failure to produce Brady material was not an impediment to petitioner filing his habeas corpus petition).

Here, although Petitioner argues he was deprived of evidence by the prosecutor and by his own defense attorneys, he has not demonstrated how the lack of such information "altogether prevented him from presenting his claims in *any* form, to *any* court." Ramirez, 571 F.3d at 1001. Similarly, Petitioner has not demonstrated that his prison jobs, the imposition of prison lockdowns, and restricted access to the law library, were the type of State created impediments which would have delayed the running of the statute of limitations. See Bryant v. Arizona Atty. Gen., 499 F.3d 1056, 1060 (9th Cir. 2007) (petitioner failed to show lack of access to case law during the relevant time period was an impediment which prevented him from filing his petition). As noted in the R&R, Petitioner in fact filed three rounds of state habeas corpus petitions during the time he says he was subject to the limitations imposed by prison jobs, lockdowns, and restricted access to the law library. Thus, the R&R properly concluded that there was no State-created impediment which entitles Petitioner to a later statutory commencement date under § 2244(d)(1)(B).

### 2. *Equitable tolling*

Magistrate Judge Lewis properly set forth the legal standard for determining whether a habeas corpus petitioner is entitled to equitable tolling of the statute of limitations. "To be entitled to equitable tolling, [Petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). In order to show the extraordinary circumstance "prevented timely filing," Petitioner must demonstrate "the extraordinary circumstances were the cause of his untimeliness" (Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)), and the "extraordinary circumstances ma[de] it impossible to file a petition on time." Calderon v. United States Distr. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997).

In the R&R, Magistrate Judge Lewis addressed and rejected each of Petitioner's claims for equitable tolling. Those arguments fall into three primary categories: (a) denial of access to legal

files; (b) denial of access to law library; and (c) medical conditions.

                        *a. Access to Legal Files*

Petitioner argues Magistrate Judge Lewis incorrectly concluded that his difficulty in obtaining his attorney's files regarding the 1989 robbery, and his difficulties in obtaining copies of court records of the 1989 robbery, were not "extraordinary circumstances" entitling him to equitable tolling.

As Magistrate Judge Lewis noted in the R&R, deprivation of legal materials in some instances may constitute "extraordinary circumstances" entitling a petitioner to equitable tolling. Spitsyn, 345 F.3d at 800 (finding extraordinary circumstances likely exist where petitioner's retained attorney failed to file federal habeas corpus petition and failed to return legal file to petitioner until after statutory filing period).  Nonetheless, the burden is upon the Petitioner to demonstrate both his own diligence and that the lack of access to materials actually caused the untimely filing. Id. (remanding to district court to consider petitioner's diligence and whether lack of files actually contributed to inability to timely file petition); see also, Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1013 (9th Cir. 2009) (even though petitioner was deprived of his legal materials for some period of time, petitioner failed to demonstrate his petition, filed 340 days late, could not have been filed earlier with the exercise of due diligence).

In his opposition to Respondent's motion to dismiss, Petitioner states that he sent a letter to his trial attorney, Mr. Mangarin, on April 1, 1998, and another letter to his appellate attorney Mr. Horiye on March 1, 1999, asking for the record on appeal.  Petitioner does not provide copies of either of these letters, but he asserts the attorneys did not respond to his request. On October 5, 1998, Petitioner asked the clerk of the Superior Court for records regarding the 1989 robbery, but Petitioner asserts he received no response. [Petitioner's Opposition to Motion to Respondent's Dismiss ("Opposition"), Doc. No. 42, Exhibit 5, p.10.]

Petitioner provides the Court with a copy of a letter he sent Mr. Mangarin on December 20, 1999, requesting all of his legal papers relating to the trial. [Opposition, Exhibit 5, p. 10.]  On March 14, 2000, Petitioner again asked Mr. Horiye for the record, but Mr. Horiye responded that all materials had either been sent to Petitioner or returned to Mr. Mangarin. [Opposition, Exhibit 5,

1  p. 11.] Petitioner sent additional letters to Mr. Mangarin on May 15 and 31, 2000 [Opposition,
2  Exhibit 5, p. 12] and eventually sought the assistance of the Superior Court before he obtained Mr.
3  Mangarin's file on July 28, 2000.

4        Notably, however, aside from the letter Petitioner sent to the Clerk of the Superior Court in
5  October 1998, Petitioner made no attempt to obtain records regarding his 1989 robbery case until
6  he first contacted the public defender's office on March 14, 2000. [Opposition, Exhibit 5, p. 15.]
7  The public defender's office sent Petitioner the preliminary hearing transcript and probation report
8  shortly after it received the request, but Petitioner made no further request for the court and client
9  files until June 13 and July 17, 2001. [Opposition, Exhibit 5, pp. 22-25.]

10        Even more important, however, Petitioner has provided absolutely no explanation of his
11  failure to investigate and obtain additional information in support of his claim that he did not rob
12  Mr. Haro *before* he was charged with kidnapping in 1995. Petitioner made no attempt, before he
13  was charged with another crime in 1995, to gather additional information regarding the 1989
14  robbery conviction. Petitioner has not shown his inability to obtain legal files from his attorneys
15  and the courts was an exceptional circumstance beyond his control which precluded him from
16  timely filing the current petition.

17                        *b. Access to Law Library*

18        As Magistrate Judge Lewis noted in the R&R, Petitioner claims that not only did his
19  vocational and work assignments hinder access to the law library, but also that the library lacked
20  updated research materials. Even upon review of the additional materials provided by Petitioner
21  along with his objections, the Court finds Magistrate Judge Lewis correctly concluded Petitioner is
22  not entitled to equitable tolling on this basis.

23        As noted in the R&R, the lockdowns and job duties petitioner alleges are all routine
24  restrictions of prison life and thus cannot be considered extraordinary circumstances. This is not a
25  case where Petitioner missed the filing deadline by a few days, where temporary lack of access to
26  the law library could have had an appreciable impact upon Petitioner's ability to timely file his
27  federal petition. Petitioner had six years, between his 1989 robbery conviction and his 1995
28  kidnapping charge, to investigate and pursue his legal remedies. Petitioner did not file his first

1 habeas corpus petition in the state courts for nearly four years after his 1995 conviction and
2 completion of all appeals.  Petitioner has failed to demonstrate that routine prison conditions
3 restricting his access to the law library, or the lack of certain legal materials, were extraordinary
4 circumstances causing him to miss the filing deadline.

*c. Medical condition*

Magistrate Judge Lewis noted in the R&R that Petitioner's chronic Crohn's disease began in August 2002, after the statute of limitations expired. Petitioner, in his objections, presents no additional argument showing how his medical condition prevented him from timely filing his federal habeas corpus petition.  Therefore, the Court finds Petitioner's medical condition is not an extraordinary circumstance which impeded Petitioner's ability to timely file his federal habeas corpus petition.

*3. Actual Innocence*

Notwithstanding the untimeliness of his petition, Petitioner argues the Court should hear his claims because he is actually innocent of the 1989 robbery. Neither Respondent nor the R&R addressed this argument.

A habeas petitioner can overcome a procedural default and obtain federal review of the merits of his claims by "demonstrat[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 732 (1991).   To qualify for relief, petitioner must demonstrate his case falls "within the 'narrow class of cases ... [involving] extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime'." Smith v. Baldwin, 510 F.3d 1127, 1139 (9th Cir. 2007) (quoting McCleskey v. Zant, 499 U.S. 467, 494 (1991)).  A claim of actual innocence in this context is procedural, in that it allows a habeas petitioner to obtain federal review of his claims on the merits where they would otherwise be barred by procedural error.  Smith, 510 F.3d at 1139 (citing Schlup, 513 U.S. at 314). Such relief is available only where petitioner shows "that, in light of all available evidence, it is more likely than not that no reasonable juror would convict him of the relevant crime." Smith, 510 F.3d at 1140 (citing House v. Bell, 547 U.S. 518 (2006)).

Additionally, although a habeas petitioner ordinarily cannot attack a prior conviction used

to enhance his sentence once that state conviction is no longer open to direct or collateral attack, Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403-04 (2001), there is an exception to this rule in the extremely rare circumstance when "a habeas petition directed at the enhanced sentence may effectively be the first and only forum available for review of the prior conviction." Id. at 406; see also Daniels v. United States, 532 U.S. 374, 383 (2001) ("there may be rare cases in which no channel for review was actually available to a defendant with respect to a prior conviction, due to no fault of his own."). For example, "after the time for direct or collateral review has expired, a defendant may obtain compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in an untimely manner." Id. at 405-06; see also Jaramillo v. Stewart, 340 F.3d 877, 881 (9th Cir. 2003) (where petitioner can demonstrate he is actually innocent, federal court may hear habeas corpus petition despite the running of the statute of limitations).

Here, Petitioner's filings raises at least the specter that this is one of the rare circumstances in which the Court should permit him to proceed on habeas corpus despite the running of the statute of limitations. Petitioner's conviction on two counts of robbery in 1989 occurred following a "slow plea" in which the prosecution introduced the preliminary hearing testimony of the victims. Petitioner contends he did not rob one of the two victims, Mr. Haro, whose preliminary hearing testimony was used to support the prosecution of the charge. Petitioner, in May of 2003, received a letter from the prosecutor indicating Mr. Haro told the prosecutor on the morning of trial that he had mis-identified Petitioner. Mr. Haro also told the prosecutor he resided in Tijuana, Mexico and did not intend to come to court for the trial. [Objections, Doc. No. 54, Exhibit 2, page 4.] The prosecutor asserts he provided the information immediately to Petitioner's 1989 trial attorney, Mr. Youmans. However Petitioner did not find any notation regarding Mr. Haro's exculpatory statement in Mr. Youman's file.

Petitioner asserts Mr. Youmans never advised him of his rights prior to agreeing to the "slow plea" procedure. Petitioner also asserts that Mr. Youmans never advised him that Mr. Haro on the morning of trial told prosecutors that he misidentified Petitioner and would not be coming to trial to testify. All of these circumstances raise questions regarding whether the prosecutor, in

fact, revealed Mr. Haro's exculpatory statement and, if so, whether Petitioner's counsel was constitutionally effective in advising Petitioner to go forward with the "slow plea" with regard to that count.

Furthermore, the record raises questions regarding the performance of Petitioner's trial counsel and the prosecutor with regard to the 1995 conviction. Petitioner testified at the 1995 trial and the prosecutor cross-examined him based upon the 1989 robbery conviction. If the prosecutor's file from the 1989 robbery conviction contained notations regarding Mr. Haro's statements on the morning of trial, such information likely should have been produced to the defense. Furthermore, Petitioner asserts that his original attorney from the office of the public defender asked to be removed from the case due to a potential conflict of interest regarding Mr. Youman's handling of the 1989 robbery case. Nonetheless, it is not clear the extent to which Petitioner's new counsel, Mr. Mangarin, investigated the validity of 1989 slow plea.

Petitioner raised all of these issues in his pleadings, but Respondent failed to address whether Petitioner should be entitled to proceed with his claims under the "actual innocence" gateway. Petitioner now has the following evidence in his possession (1) the November 15, 2001 sworn statement by Juan Sanchez saying Petitioner did not rob Mr. Haro coupled with the transcript of Mr. Sanchez's statement to an investigator shortly after the robbery denying that Petitioner robbed Mr. Haro (Objections, Exhibit 2, pages 5-8), (2) two sworn statements, dated May 20, 2004 and July 19, 2006, by Jesus Lopez, stating that he alone robbed Mr. Haro (Objections, Exhibit 2, pages 9-14) , and (3) the May 21, 2003 letter from the prosecutor responsible for the 1989 robbery case, stating that on the day Petitioner's trial on the 1989 case was to commence, Mr. Haro indicated he had misidentified Petitioner as the person who robbed him and further indicating that Mr. Haro had no intention of coming to trial to testify (Objections, Exhibit 2, page 4). Weighed against the evidence that resulted in Petitioner's conviction for robbing Mr. Haro, the transcript of Mr. Haro's testimony at the preliminary hearing, Petitioner has at least made a *prima facie* showing "that it is more likely than not that no reasonable juror would have found" that he robbed Mr. Haro. Smith, 510 F.3d at 1140. Therefore, although the Court finds Petitioner's claims are barred by the statute of limitations and not saved by equitable or

1  statutory tolling, the Court DENIES Respondent's motion to dismiss.

2  *Conclusion*

3  For the reasons set forth herein, the Court ADOPTS Magistrate Judge Lewis's R&R
4  insofar as it finds Petitioner's claims are barred by the statute of limitations and Petitioner is not
5  entitled to statutory or equitable tolling.  However, the Court finds the Petitioner has made a *prima*
6  *facie* showing of actual innocence sufficient to allow the Court to hear his claims under Schlup and
7  Lackawana County. Because Respondent has not come forward with any argument or evidence to
8  rebut Petitioner's showing, the Court DENIES Respondent's motion to dismiss.

9  Within forty-five (45) days of the filing of this order, if Respondent believes Petitioner
10 should not be permitted to proceed with the merits of his claims under the actual innocence
11 gateway, Respondent may file another motion to dismiss raising such argument.  *The Court will*
12 *not grant any extension of this time to file a new motion to dismiss absent extraordinary*
13 *circumstances.*  If Respondent chooses not to file a second motion to dismiss, Respondent must,
14 within sixty (60) days, file an Answer addressing the merits of Petitioner's the claims.

15 **IT IS SO ORDERED**.

16 **DATED:  March 3, 2010**

17 *[signature]*
   **IRMA E. GONZALEZ, Chief Judge**
18 **United States District Court**