# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEOVARDO SALCEDA,<br><br>　　　　　　　　　　　Petitioner,<br>　vs.<br>JOHN F. SALAZAR, Warden,<br><br>　　　　　　　　　　　Respondent. | CASE NO. 08cv1037-IEG(PCL)<br><br>Order Granting Second Motion<br>to Dismiss [Doc. 56] |

Petitioner Leovardo Salcedo has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1995 conviction and sentence for kidnaping with prior convictions. Respondent initially moved to dismiss the petition, arguing it was barred by the statute of limitations. By order filed March 3, 2010, the Court adopted Magistrate Judge Lewis's Report and Recommendation, and found that Petitioner is not entitled to statutory or equitable tolling of the statute of limitations. The Court further found, however, that Petitioner had set forth sufficient facts to raise a question as to whether he was entitled to proceed on the merits of his claim under the "actual innocence" gateway of Schlup v. Delo, 513 U.S. 298, 316 (1995). Therefore, the Court denied Respondent's initial motion to dismiss without prejudice to the filing of a second motion addressing Petitioner's claim of innocence.

Respondent has now filed a second motion to dismiss, arguing Petitioner's time barred claims should not be addressed under the "actual innocence" gateway. Petitioner has filed an

opposition. For the reasons set forth herein, the Court GRANTS Respondent's motion.

## *Background*

The factual and procedural background was fully set forth in both the Report and Recommendation and in this Court's March 3, 2010 order, and will be set forth herein only to the extent necessary to address the parties' arguments. In 1989, Petitioner was convicted of two counts of robbery following a "slow plea," where his case was submitted to the court solely based upon the preliminary hearing transcript of the victims' testimony. In this case, Petitioner challenges his 1995 conviction and sentence for kidnapping and exhibiting a deadly weapon with priors. Petitioner argues he was denied the effective assistance of trial counsel because counsel failed to challenge the trial court's use of one of the two 1989 robbery convictions to enhance his sentence.

As explained in the Court's March 3, 2010 order, however, the current petition is time-barred. Petitioner's conviction became final on June 26, 1998, ninety days after the California Court of Appeal denied Petitioner's direct appeal. Therefore, Petitioner had one year, until June 26, 1999, to file a federal habeas corpus petition. Petitioner did not file anything further challenging his 1995 conviction and sentence until June of 2002, when he filed his first application for state habeas relief in the San Diego County Superior Court. Petitioner is entitled to neither statutory nor equitable tolling for the reasons explained in the Court's March 3, 2010 order.

Nonetheless, Petitioner argues the Court should excuse his untimeliness, and review the merits of his claim, because he is actually innocent of one of the two 1989 robberies which the trial court used to enhance his sentence following his 1995 conviction. For the reasons discussed below, Petitioner is not entitled to review of the merits of his claim through this "actual innocence" gateway.

## *Discussion*

A habeas petitioner can overcome a procedural default and obtain federal review of the merits of his claims by "demonstrat[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 732 (1991). To qualify for relief, petitioner must demonstrate his case falls "within the 'narrow class of cases ...

1  [involving] extraordinary instances when a constitutional violation probably has caused the
2  conviction of one innocent of the crime'." Smith v. Baldwin, 510 F.3d 1127, 1139 (9th Cir. 2007)
3  (quoting McCleskey v. Zant, 499 U.S. 467, 494 (1991)).  A claim of actual innocence in this
4  context is procedural, in that it allows a habeas petitioner to obtain federal review of his claims on
5  the merits where they would otherwise be barred by procedural error.  Smith, 510 F.3d at 1139
6  (citing Schlup, 513 U.S. at 314). Such relief is available only where petitioner shows "that, in light
7  of all available evidence, it is more likely than not that no reasonable juror would convict him of
8  the relevant crime." Smith, 510 F.3d at 1140 (citing House v. Bell, 547 U.S. 518 (2006)).

9  Additionally, although a habeas petitioner ordinarily cannot attack a prior conviction used
10 to enhance his sentence once that state conviction is no longer open to direct or collateral attack,
11 Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403-04 (2001), there is an exception to
12 this rule in the extremely rare circumstance when "a habeas petition directed at the enhanced
13 sentence may effectively be the first and only forum available for review of the prior conviction."
14 Id. at 406; see also Daniels v. United States, 532 U.S. 374, 383 (2001) ("there may be rare cases in
15 which no channel for review was actually available to a defendant with respect to a prior
16 conviction, due to no fault of his own.").  For example, "after the time for direct or collateral
17 review has expired, a defendant may obtain compelling evidence that he is actually innocent of the
18 crime for which he was convicted, and which he could not have uncovered in an untimely
19 manner." Id. at 405-06; see also Jaramillo v. Stewart, 340 F.3d 877, 881 (9th Cir. 2003) (where
20 petitioner can demonstrate he is actually innocent, federal court may hear habeas corpus petition
21 despite the running of the statute of limitations).

22 In order to obtain review of his time barred claims[1], Petitioner must establish his "actual

---

[1] As Respondent notes, the Supreme Court has never held that the "actual innocence" gateway can excuse a Petitioner's failure to comply with the time requirements of 28 U.S.C. § 2244. Majoy v. Roe, 296 F.3d 770, 776-77 (9th Cir. 2002) (noting that although the Supreme Court has never addressed the issue, actual innocence gateway likely could excuse failure to comply with AEDPA's statute of limitations). Furthermore, the Supreme Court has never addressed whether the doctrine can be applied where, as here, the Petitioner essentially entered a guilty plea. Smith, 510 F.3d at 1140 fn.9 (noting that the Supreme Court has never applied the Schlup actual innocence gateway to allow review of a conviction resulting from a defendant's guilty or no contest plea). Nevertheless, this Court need not determine as a legal matter whether the actual innocence gateway applies to excuse Petitioner's untimeliness because Petitioner has not shown as a factual matter that he is entitled to relief. Majoy, 296 F.3d at 777 (court should not

1  innocence" through "new reliable evidence – whether it be exculpatory scientific evidence,
2  trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."
3  House v. Bell, 547 U.S. 518, 537 (2006) (citing Schlup, 513 U.S. at 324).  Petitioner must
4  demonstrate that the new evidence, considered along with the evidence previously presented at
5  trial, shows "it is more likely than not that no reasonable juror would have convicted him."
6  Bousley v. United States, 423 U.S. 614, 621 (1998).  This exacting standard permits review of the
7  merits following procedural default "only in the 'extraordinary' case."  House, 547 U.S. at 538
8  (citing Schlup, 513 U.S. at 327).

9  As Respondent notes, this Court is not the only forum available for review of Petitioner's
10 claim that he is actually innocent of one of the two 1989 robbery charges.  Petitioner can and did
11 challenge the validity of his prior conviction through state habeas corpus petitions.  In addition, the
12 evidence Petitioner now submits in support of his claim of innocence, when considered along with
13 evidence previously presented at his 1989 trial, does not demonstrate "it is more likely than not
14 that no reasonable juror would have convicted him."

15 By way of background, the two robberies for which Petitioner was convicted in 1989 both
16 occurred on the same morning, within 15 minutes of each other.  First, Petitioner and another
17 individual (now identified as Jesus Lopez), approached a running vehicle on foot, robbed the
18 driver of his wristwatch and a $10 bill at gunpoint, pulled the victim out of the car, and then fled in
19 the victim's car.  Approximately 15 minutes later, Petitioner and Lopez pulled into a gas station,
20 where Petitioner robbed the gas station attendant at gunpoint.  [Lodgment No. 7, Psychological
21 Report dated 4-17-07, at 16.]  Petitioner, throughout his state and federal proceedings, has
22 challenged only the first of the two 1989 robbery convictions, arguing he was not involved in that
23 robbery.  It is this robbery conviction for which Petitioner now contends he has evidence
24 demonstrating his actual innocence.

25 First, Petitioner presents a 2001 sworn statement from Juan Sanchez, stating that on the
26 date of the robberies Petitioner was "very drunk" and as they were talking "an incident happened

27 ───────────────
28 decide the legal question, of whether the actual innocence gateway applies to excuse failure to comply with statutory time period, unless the facts demonstrate "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.").

with Rafael Haro and Leo was trying to stop it. [¶] Leo was drunk and was not driving the car." As Respondent points out, there are several problems with this statement. First, Sanchez has been a friend of Petitioner's since their youth, and it appears the two were both members of the Loco gang. [Objections, Exh. 2, at 5 (indicating Sanchez was a member of the Paradise Hills Loco gang); Lodgment No. 7, CT at 53 (probation officer's report indicating Petitioner was a member of the Varrio Encanto Loco gang).] Thus, the reliability of the statement, made 12 years after the incident, is suspect. Second, Sanchez's statement, that Petitioner was drunk and not driving the car, does not preclude a finding by a reasonable jury that Petitioner participated in the crime as an aider and abetter or as a co-conspirator, especially because Petitioner has not challenged his conviction for the second count of burglary which occurred approximately 15 minutes later on the same morning. A jury could have readily found Petitioner participated as an accessory in both robberies.

Petitioner also presents two sworn statements by Jesus Lopez, dated May 20, 2004 and July 19, 2006, stating that he alone robbed Mr. Haro and then ordered Petitioner to get in the car. [Objections, Exh. 2, pp. 9-14.] "It is well recognized that '[e]xculpatory affidavits produced ... at the 11th hour with no reasonable explanation for the nearly decade-long delay are suspect'." Alcox v. Hartley, 614 F. Supp. 2d 1064, 1077 (C.D. Cal. 2009) (quoting Arthur v. Allen, 452 F.3d 1234, 1246 (11th Cir. 2006)). Here, neither Petitioner nor Lopez explains why Lopez, who was not charged for the robberies in 1989, did not come forward until 15 years after the crime to protest that Petitioner was wrongly accused and convicted of activity for which he was solely responsible. Taken together with Mr. Haro's preliminary hearing testimony identifying Petitioner, Lopez's declarations also do not demonstrate Petitioner is actually innocent.

Finally, Petitioner presents a letter from the prosecutor on the 1989 robbery case, indicating that the victim and sole witness with regard to the first burglary, Mr. Haro, recanted his testimony on the morning trial was to begin. Mr. Haro, however, appeared and testified under oath at the preliminary hearing, and identified Petitioner as the person who took his watch and money. Considered together with Mr. Haro's prior sworn testimony at the preliminary hearing, and also considered with the evidence that Petitioner committed a second robbery 15 minutes later, a

1  reasonable jury could have concluded Petitioner participated in the robbery. For all of these
2  reasons, the Court finds Petitioner has not produced new reliable evidence of his actual innocence
3  sufficient to excuse his failure to timely file his federal habeas corpus petition.[2]

### *Conclusion*

For the reasons set forth herein, the Court concludes Petitioner is not entitled to proceed through the "actual innocence" gateway to obtain review of his time-barred claims. Respondent's motion to dismiss is GRANTED, and the Petition is dismissed. The Court DENIES a certificate of appealability.

**IT IS SO ORDERED**.

**DATED: June 3, 2010**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[2] The Court notes Petitioner could not show any prejudice resulting from the use of the 1989 robbery conviction to enhance his sentence on the 1995 conviction. At sentencing regarding the 1995 conviction, the Court struck one of the two priors resulting from the 1989 burglaries, and only considered one of the two burglary counts in sentencing Petitioner. [Lodgment No. 8, at 22.] Because Petitioner has never argued that he is innocent of the second robbery committed on the same day, Petitioner cannot show any sentencing error.